UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 01-0344  MHP |
| Plaintiff(s), | **ORDER REVOKING SUPERVISED RELEASE AND JUDGMENT** |
| v. | |
| JERRY REYNOLDS, | |
| Defendant(s). | |

This matter came on pursuant to an Order to Show Cause why supervised release should not be revoked. Defendant appeared in person with his attorney David Anderson. The United States was represented by Assistant United States Attorney Owen Martiken.

The defendant was advised of the following:

1. His right to a hearing on the alleged violations of supervised release;
2. His right to confront and cross-examine witnesses;
3. His right to produce evidence and witnesses at the hearing without cost to him if he could not afford the same;
4. His right to continue to have court appointed counsel represent him throughout the proceedings; and
5. The nature of the revocation proceedings and the consequences if a violation was found and supervised release revoked or modified.

The court finds that defendant was fully advised of his constitutional and statutory rights in connection with these proceedings either as a basis for modification or revocation; that he fully understands the nature of the proceeding and the defenses that he may assert in the proceeding; that he fully understands the consequences of the proceeding; and that he freely and voluntarily waives

his right to a hearing, his counsel consenting thereto.

The court finds that the defendant has admitted to the violations as alleged in the petition to revoke and that such violations are sufficient cause to revoke supervised release.

Charge 1: Violation of Special Condition Number Two which states that defendant shall participate in substance abuse counseling and testing, is that defendant failed to report for substance abuse counseling with Sharper Future on July 28, 2008. The defendant failed to report for drug testing on June 6, 18, 21, 24, July 3, 7, 17, and August 7, 2008;

Charge 2: Violation of Standard Conditions Number Seven which states that defendant shall refrain from use of a controlled substance unless prescribed by a physician, in that on May 10, 2008, the defendant submitted a positive drug test for marijuana to Sharper Future.

Charge 3: Violation of Standard Condition which states that defendant shall cooperate with the collection of DNA in that on January 29, 2008 and June 17, 2008, the defendant failed to appear for DNA collection having previously been notified to appear by the US Probation Officer on January 11, 2008 and May 20, 2008;

Charge 4: Violation of Standard Condition which states that the defendant report to the US Probation Officer as directed, in that on July 25, 2008, defendant failed to report to his US Probation Officer, having previously been notified to do so on July 18, 2008;

Charge 5: Violation of Standard Condition which states that defendant notify US Probation Officer of any change in residence in that on defendant failed to notify change of address pursuant to testimony given on August 10 and August 12, 2008;

Charge 6: Violation of Standard Condition with states that defendant shall not leave the judicial district without prior approval of US Probation Officer, is that on August 10, 2008, defendant was located in the city of Vallejo, CA, by the

Vallejo Police Department, without approval by US Probation Officer;

Charge 7: Violation of Special Condition Number Three which states that defendant shall not associate with any co-defendant in that on August 10, 2008, defendant was stopped by Vallejo Police Department and found to be with co-defendant Darien Bolds;

Based on the foregoing,

IT IS ADJUDGED that supervised release is hereby REVOKED, and that defendant is remanded into the custody of the Attorney General or his authorized representative to and including November 7, 2008, AND REINSTATES Supervised Release with the condition that defendant serve a term of up to 180 days at Cornell Corrections Center as soon after November 7, 2008 as space is available. The US Probation Officer assigned to this action has authority to release defendant from Cornell Corrections earlier if defendant is complying with all terms of his Supervised Release and has approved employment and living arrangements. All previously ordered conditions of release to remain in full effect.

Dated: October 14, 2008

MARILYN HALL PATEL
United States District Court